Argued July 12, affirmed September 10, 1973

PETERS et ux, *Appellants, v.*
DEPARTMENT OF REVENUE, *Respondent.*

513 P2d 752

*Morris J. Galen,* Portland, argued the cause for appellants. With him on the briefs were Tonkon, Galen & Baker, Portland.

*Ira W. Jones,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Chief Tax Counsel, Salem.

HOWELL, J.

The only issue in this case is whether plaintiffs are entitled to special capital gains treatment of a gain realized by them in the dissolution of an Oregon corporation which was wholly owned by plaintiff Melvin Peters. The Department of Revenue and the Tax Court held that plaintiffs were not entitled to treat the gain realized as a capital gain.[1] Plaintiffs appeal. Plaintiff Sandra Peters is a party only because she signed a joint return with her husband, Melvin Peters.

The facts are stipulated. On February 7, 1965, plaintiff owned all the issued and outstanding shares of West Coast Heating Supply, Inc. On the same day, West Coast was dissolved and all its assets were distributed to plaintiff Melvin Peters, its sole shareholder. Plaintiff concedes that he realized a gain on the distribution of the assets. We agree with the Tax Court that the gain realized is not entitled to special capital gains treatment under the income tax statutes in existence at that time.

Unlike Congress, which first introduced capital gains provisions into our federal income tax statutes in the Revenue Act of 1921, the Oregon legislature did

---

[1] The Tax Court opinion is unpublished.

not make any provisions for special treatment of capital gains from the time of enactment of the Oregon Personal Income Tax in 1929 until 1959. At that time the legislature enacted Oregon Laws 1959, Chapter 591, which was codified as ORS 316.406 to ORS 316.450. Even then, the legislature placed severe restrictions and qualifications upon a taxpayer seeking special capital gains treatment of income. For example, a taxpayer selling or exchanging a capital asset and seeking to qualify for special treatment of a capital gain was required to make an election to do so by a statement on his tax return. ORS 316.432. He was required to reinvest the gain within one year after the close of the tax year in which any part of the gain was realized. ORS 316.430. The reinvestment must have been made in certain qualified subjects. ORS 316.420. If a capital gain were allowed, the amount of the taxable gain would depend upon the length of time the capital asset was held. The taxable gain ranged from 100 percent, if the asset had been held for not more than one year, down to 50 percent, if the asset had been held for more than five years. ORS 316.436.[2]

At the time in question, February 7, 1965, the following statutes were in effect:

"ORS 316.410. As used in ORS 316.408 to 316.-450:

"(1) 'Capital gain' means the gain from the sale or exchange of a capital asset if and to the extent that such gain is taken into account in computing gross income.

"* * * * * *"

---

[2] These statutes relating to capital gains were repealed in 1965 by Oregon Laws 1965, Chapter 410, effective for sales or exchanges occurring on or after July 1, 1965.

"ORS 316.450. In the case of a sale or exchange, directly or indirectly, of any property:

"(1) Between a husband and wife; or

"(2) Between an individual and a corporation more than 80 percent in value of the outstanding stock of which is owned by such individual, his spouse and his minor children and minor grandchildren;

any gain recognized to the transferor from the sale or exchange of such property shall be considered as a gain from the sale or exchange of property which is *not* a capital asset." (Emphasis supplied.)

The plaintiff admits that a gain was realized by him in the dissolution of his corporation, but he contends that he is entitled to special capital gains treatment. Accordingly, in order for plaintiff to be eligible for capital gains treatment, he must first qualify under ORS 316.410 above by showing "the sale or exchange of a capital asset."

If the liquidation of the corporation did not result in a "sale or exchange" under ORS 316.410, then the gain realized would be treated as ordinary income. The defendant is willing to concede that the liquidation constituted a "sale or exchange of a capital asset" under ORS 316.410 if that were the only statute involved. However, as we have mentioned previously, the legislature enacted various restrictions and qualifications on special capital gains treatment. A complete proscription to capital gains treatment was contained in ORS 316.450 above, which provided that in a sale or exchange between a husband and wife or between an individual and a corporation of which the individual owns more than 80 percent in value of the outstanding stock, any gain recognized to the transferor is not a capital gain.

■ The plaintiff seeks to avoid the application of ORS 316.450 by contending that the statute is similar to and should be interpreted the same as Section 1239® of the Internal Revenue Code, which was enacted in 1951.® However, the latter section has one important difference. It contains the proviso that such a sale or exchange between a husband and wife or an individual and his corporation is considered ordinary income and not a capital gain only if the sale or exchange is of depreciable property. The Oregon legislature, in enacting the capital gains provisions of the income tax statutes in 1959, specifically refrained from adopting subsection (b) of Section 1239 restricting the disallow-

---

® Internal Revenue Code, Sec. 1239, reads:

"Gain from sale of certain property between spouses or between an individual and a controlled corporation

"(a) Treatment of gain as ordinary income.—In the case of a sale or exchange, directly or indirectly, of property described in subsection (b)—

"(1) between a husband and wife; or

"(2) between an individual and a corporation more than 80 percent in value of the outstanding stock of which is owned by such individual, his spouse, and his minor children and minor grandchildren;

any gain recognized to the transferor from the sale or exchange of such property shall be considered as gain from the sale or exchange of property which is neither a capital asset nor property described in section 1231.

"(b) *Section applicable only to sales or exchanges of depreciable property.—This section shall apply only in the case of a sale or exchange by a transferor of property which in the hands of the transferee is property of a character which is subject to the allowance for depreciation provided in section 167.* [Emphasis supplied.]

"* * * * * *."

® Sec. 1239 was adopted to forestall the practice of selling or transferring depreciable assets to another person, within a family or a controlled corporation, in order that the transferee might obtain a greater deduction for depreciation through the use of the higher basis represented by the purchase price. 3B Mertens, Law of Federal Income Taxation (rev ed) 134, § 22.25 (1966).

ance of a capital gain to depreciable property.[9] Consequently, under ORS 316.450, any gain to the transferor in a sale or exchange "of any property," depreciable or otherwise, between an individual and his corporation is treated as ordinary income.

The two statutes, ORS 316.450 and Section 1239 of the Internal Revenue Code, are vastly different, and the interpretation of the federal code has no bearing on our statute.

■■ The plaintiff also seeks to avoid the application of ORS 316.450 by arguing that he was not a "transferor" of any property to the corporation. Plaintiff contends that a sale or exchange occurred upon liquidation of the corporation so that ORS 316.410 would grant him a capital gain on the exchange, but when confronted with ORS 316.450 he contends that he was not a transferor in that exchange. The term "exchange" contemplates that each party transfers something to the other. Here, in effect, plaintiff, as an individual, exchanged his stock with a corporation for the latter's assets. Plaintiff cannot contend that the transaction constituted a sale or exchange where the application of the statute is beneficial to him and contend it was not a sale or exchange when a similar statute is involved.

As the sale or exchange was between plaintiff and his wholly owned corporation, plaintiff is prevented by the provisions of ORS 316.450 from claiming capital gains treatment.

The decree of the Tax Court is affirmed.

---

[9] In fact, the 1959 Legislature had before it a bill (House Bill 7) which would have included the exact language of subsection (b) of Section 1239 of the Internal Revenue Code. In enacting ORS 316.450 instead of House Bill 7, it is a fair assumption that the legislature desired a more restrictive statute on capital gains between a husband and wife and an individual and a controlled corporation.